## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| GARY M. GROWE, Chapter 7 Trustee for GREAT NORTHERN PAPER, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 05-mc-00015-B-S |
| v. | ) ) | Bankruptcy No. 03-10048 |
| BILODARD INC., | ) ) ) | |
| Defendant. | ) | |

### ORDER ON MOTION FOR WITHDRAWAL

SINGAL, Chief District Judge

Before the Court is Defendant's Motion for Withdrawal (Civil Docket # 1). Defendant seeks to withdraw the reference of the above-captioned adversary proceeding to this Court from the United States Bankruptcy Court for the District of Maine. Plaintiff opposes Defendant's Motion. (See Trustee's Opp'n to Bilodard's Mot. to Withdraw Reference (Civil Docket # 4).) For the reasons stated below, the Court DENIES Defendant's Motion to Withdraw.

Plaintiff in this matter is the Chapter 7 Trustee of Great Northern Paper, Inc. ("the Debtor"), which is currently in the midst of bankruptcy proceedings. Plaintiff's Complaint dated January 8, 2005 (Bankruptcy Docket # 1696) seeks recovery of funds allegedly transferred to Defendant by the Debtor shortly before it filed its bankruptcy petition. Specifically, Count I of the Complaint seeks recovery of funds allegedly transferred to Defendant by the Debtor within the preference period set forth in 11 U.S.C. § 547(b). Count II alleges that Defendant is an "insider" and seeks recovery of additional funds allegedly transferred to Defendant by the Debtor within the insider preference

period set forth in 11 U.S.C. § 547(b). Finally, Count III alleges that all transfers made to the Defendant by the Debtor should be avoided as fraudulent conveyances.

In its Answer to the Complaint, Defendant made a demand for a jury trial. Defendant now seeks to withdraw the reference to this Court on the sole ground that it has a right to a jury trial and does not consent to a jury trial in the Bankruptcy Court. Plaintiff does not dispute that Defendant has the right to a jury trial on all three of Plaintiff's claims.[1] Furthermore, Plaintiff does not dispute that a jury demand was properly made by Defendant. Instead, Plaintiff questions the appropriateness of withdrawal at this stage in the proceedings.

A bankruptcy court may not conduct a jury trial without the consent of the parties. See 28 U.S.C. § 157(e). Therefore, a valid jury demand can have the effect of mandating withdrawal to the District Court for trial. See In re Magnesium Corp. of America, Docket No. 04-Civ.-1357, 2004 U.S. Dist LEXIS 9389, *5 (S.D.N.Y. May 24, 2004); see also In re Envisionet Computer Services, Inc., 276 B.R. 7, 10 (D. Me. 2002). However, it does not follow that withdrawal must be granted as a matter of course at any point during a proceeding in which a jury demand is made. As the Second Circuit has noted, "a district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). Thus, a court may deny a motion to withdraw on the basis of a jury demand while allowing the movant to renew

---

[1] The case law appears to support this view. See Granfinanciera S. A. v. Nordberg, 492 U.S. 33, 55–58 (1989) (holding that a creditor has a right to a jury trial on a bankruptcy trustee's fraudulent conveyance claim where the creditor has not filed claims against the bankruptcy estate); Lankenkamp v. Culp, 498 U.S. 42, 44–45 (1990) (stating in dicta that a creditor has a right to a jury trial on a bankruptcy trustee's preferential transfer claim where the creditor has not filed claims against the bankruptcy estate).

the motion when the bankruptcy court certifies that the adversary proceeding is ready for trial.  See, e.g., In re Magnesium Corp. of America, 2004 U.S. Dist. LEXIS 9389, at *7.

Since a jury demand does not create a right to immediate withdrawal, the Court has discretion to consider whether withdrawal is appropriate under the present circumstances.  "The moving party bears the burden of demonstrating cause for discretionary withdrawal of the reference."  See In re Envisionet Computer Services, 276 B.R. at 10.  In order to meet its burden, the moving party must simply demonstrate "cause":

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

28 U.S.C. § 157(d).  Although there is little controlling authority on what constitutes "cause," another court in this District has suggested that factors to be considered include:

> [J]udicial economy, whether withdrawal would promote uniformity of bankruptcy administration; reduction of forum shopping and confusion; conservation of debtor and creditor resources; expedition of the bankruptcy process; and whether a jury trial has been requested.

In re Envisionet Computer Services, Inc., 276 B.R. at 10 (quoting In re Larry's Apartment, 210 B.R. 469, 474 (D. Ariz. 1997)).

As the Second Circuit has noted, the analysis of judicial economy and uniformity depends largely upon whether the claims asserted are core or noncore, as defined in 28 U.S.C. § 157(b)(2).  See In re Orion Pictures Corp., 4 F.3d at 1101.  While bankruptcy judges may render final judgments in core matters, see 28 U.S.C. § 157(b), they may only issue proposed findings of fact and conclusions of law in noncore proceedings.  See 28 U.S.C. § 157(c)(1).  The District Court must then make a de novo determination as to any findings or conclusions to which a party objects.  Id.  Because of the heightened scrutiny

required of the District Court in reviewing noncore matters, the argument for withdrawal in such cases is stronger. In many such cases, a proceeding in District Court will enable the parties to obtain a final judgment more expeditiously and efficiently than a proceeding in Bankruptcy Court followed by a de novo review by the District Court. When a party makes a valid jury demand in a noncore matter, such concerns are heightened even further since substantial involvement by the District Court at some point in the proceedings becomes even more likely. In addition, the nature of noncore claims, which generally relate only indirectly to bankruptcy law, alleviates concerns that withdrawal will disrupt the uniform administration of bankruptcy law.

Conversely, in core bankruptcy matters the case for withdrawal is far weaker. As the Second Circuit notes, "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." Id. Bankruptcy courts, with their considerable expertise, are also indubitably better equipped than district courts to ensure the uniform administration of the bankruptcy code. See In re Magnesium Corp. of America, 2004 U.S. Dist LEXIS 9389, at *5–*6.

In this case, the early stage of the proceedings and the nature of Plaintiff's claims militate against withdrawal. Defendant has offered no justification for withdrawal beyond the fact that it has made a jury demand and does not consent to trial by the bankruptcy judge. As discussed above, such an assertion is generally insufficient to carry Defendant's burden of demonstrating cause for withdrawal under § 157(d) unless the case is ready for trial. The Court also finds it relevant that the claims brought by Plaintiff are core claims under 28 U.S.C. § 157(b)(2)(F) and (H). As such, judicial efficiency and the

uniform administration of the bankruptcy code are better served by leaving this matter with the Bankruptcy Court until it is ready for trial. Furthermore, Plaintiff points out that there are more than a dozen similar actions against various defendants still pending before the Bankruptcy Court in this matter. It seems likely that leaving these actions together in the capable hands of the learned bankruptcy judge will generate significant economies of scale as they progress through the pre-trial process.

For the reasons stated above, the Court DENIES Defendant's Motion for Withdrawal WITHOUT PREJUDICE. This adversary proceeding shall be REMANDED to the Bankruptcy Court for further proceedings. Defendant may renew its Motion for Withdrawal when the Bankruptcy Court certifies that the adversary proceeding is ready for trial.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 19th day of May, 2005.